**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

CASE NO. 09-01933 BKT

FRANCISCO J DE ARMAS CUBAS

Chapter 7

LILIBETH  COSTAS SANTIAGO

XXX-XX-0897

XXX-XX-0774

FILED & ENTERED ON 10/14/2009

Debtor(s)

## OPINION AND ORDER

Before the Court is the Chapter 7 Trustee's Request for Additional Findings of Fact and Conclusions of Law [Dkt. No. 27], in support of the Order entered denying Reconsideration of Dismissal [Dkt. No. 21]. In light of the recently decided First Circuit case of *In re Acosta-Rivera*, 557 F.3d 8 (1st Cir. 2009), this Court hereby VACATES AND SETS ASIDE the dismissal order entered on May 5, 2009 [Dkt. No. 18].

I-    FACTUAL AND PROCEDURAL BACKGROUND

Francisco J. de Armas Cuevas and his wife Lilibeth Costas Santiago, jointly filed a Chapter 7 bankruptcy petition on March 13, 2009 ("Debtors") [Dkt. No. 1]. On May 5, 2009, the court *sua sponte* dismissed the case upon Debtors failure to file all documents required by 11 USC § 521(a)(1) [Dkt. No. 18].  On even date, the U.S. Trustee and the Chapter 7 Trustee filed an Urgent Motion to Vacate the Order of Dismissal and an Urgent Motion of Reconsideration of Dismissal, respectively [Dkt. No. 19 and 20]. The following day, the court entered an order denying both motions [Dkt. No. 21]. On May 11, 2009, the Chapter 7 Trustee requested that the court make Additional Findings of Fact and Conclusions of Law of the order denying the request for reconsideration [Dkt. No. 27].

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the

District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

II-  APPLICABLE LAW AND DISCUSSION:

On May 5, 2009, the Court *sua sponte* dismissed Debtors' Chapter 7 petition for failure to comply with section 11 USC § 521(a)(1)[1]. Specifically, Debtors failed to file within 45 days of the Order of Relief, Official Form B22A also known as the Means Test. 11 U.S.C. 521(a)(1)(B)(v).

The Chapter 7 Trustee argues that this being a case with primarily non-consumer debt, Form B22A is irrelevant and extraneous to the administration of the case. The Trustee alludes to the recently decided First Circuit case of *In re Acosta-Rivera*, 557 F.3d 8 (1st Cir. 2009). In the *Acosta* case, the First Circuit Court pointed that <u>11 U.S.C. § 521(a)(1)(B)</u>, provides that the debtor "'shall . . . file'" the required disclosures "unless the court orders otherwise." The court found that because the bankruptcy court had the flexibility to waive non-disclosure before the passage of BAPCPA and considering that BAPCPA did not expressly curtail that power, the bankruptcy court can use its discretion to excuse detailed disclosure and determine when such information becomes "irrelevant or extraneous." The court noted that a grant of judicial power to "order otherwise" predated BAPCPA, and when Congress updated section 521, it left that language intact. BAPCPA allows courts to do the sifting between information that is required and information that is not without rigid adherence to the 45-day deadline. *In re Acosta*, supra.

When applying the First Circuit's discretionary approach to the facts of this case we conclude that completing Form B22A would not change the nature of this case. As the voluntary petition reflects, the Debtors marked under penalty of perjury, that their debts are primarily business debts. Debtors submitted the required Statement of Intentions and marked the portion where it identifies them as non-consumer debtors. Debtor's

---

[1] ...if an individual debtor in a voluntary case under chapter 7 or 13 [<u>11 USCS §§ 701</u> et seq. or <u>1301</u> et seq.] fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.   11 U.S.C. 521(i)

non-consumer status is supported by the majority of the debts included in the bankruptcy schedules. Therefore, it is undisputed that Debtor's estate consists primarily of non consumer debt. With this scenario, in order to comply with 11 USC § 521(a)(1), Debtors are obliged to complete Part I. 1B of the Means Test; only a statement under penalty of perjury that designates debtors as non consumer[2]. Debtors' failure to file the Means Test made automatic dismissal an inevitable event.

However, in this particular case, where the facts of the case are indicative that continuation of the case will be in the best interest of creditors and where we have no contest on Debtors non-consumer status, this Court finds that the filing of the Means Test is extraneous to the continuation of the case. Therefore, the Order of Dismissal [Dkt. No. 18] is hereby VACATED and SET ASIDE.

SO ORDERED.

Ponce, Puerto Rico, this 14 day of October, 2009.

Brian K. Tester
U.S. Bankruptcy Judge

C:  DEBTOR
    TERESA M LUBE CAPO
    WIGBERTO  LUGO MENDER

---

[2] Part I also provides an exclusion for debtors who do not have primarily consumer debts. These debtors are not subject to any of the provisions of § 707(b)—including the requirement of § 707(b)(2)(C) for filing a CMI statement— since § 707(b) applies, by its terms, only to "an individual debtor. . . whose debts are primarily consumer debts." However, a debtor may be found to have asserted **non-consumer** status incorrectly. Unless such a debtor has filed the CMI form within the 45 days after filing the case, the case could be subject to automatic dismissal under § **521(i)**. To avoid this possibility, debtors asserting principally **non-consumer** status may complete the appropriate portions of Part I, claim an exclusion from the balance of the form, and promptly file the form. If it is subsequently determined that the debtor does have primarily consumer debts, the form will have been filed within the deadline established by § **521(i)**, and can be amended to include the necessary CMI and means test information. 11 Norton Bankr. L. & Prac. 3d Rules Form 22C